1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

9

10   NORTHWEST SHEET METAL WORKERS          No.
WELFARE FUND; NORTHWEST SHEET
11   METAL WORKERS PENSION FUND; and
NORTHWEST SHEET METAL WORKERS
12   SUPPLEMENTAL PENSION TRUST,            **COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF**

13                          Plaintiffs,

14                    v.

15   REFRIGERATION & FOOD EQUIPMENT,
INC.,

16
                     Defendant.
17

**JURISDICTION AND VENUE**

18

19        1.      This is an action brought pursuant to Section 301 of the National Labor

20   Relations Act, as amended (hereafter "the Act"), 29 U.S.C. § 185, and Section 502 of the

21   Employee Retirement Income Security Act of 1974 (hereafter "ERISA"), 29 U.S.C. § 1132.

22   Jurisdiction and venue are conferred upon this Court by 29 U.S.C. § 185(a), 1132(a), (e) and

23   (f).

**PARTIES**
24

25        2.      Plaintiff NORTHWEST SHEET METAL WORKERS WELFARE FUND

26   (hereafter "Welfare Trust") is a labor-management health and welfare trust fund created

pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF –
NO.        - Page 1

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW

1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

1  sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  Plaintiff Welfare

2  Fund is administered in the State of Washington.

3        3.      Plaintiff NORTHWEST SHEET METAL WORKERS PENSION FUND

4  (hereafter "Pension Trust") is a labor-management pension trust fund created pursuant to the

5  provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c), and authorized to sue in its own

6  name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).  Plaintiff Pension Fund is

7  administered in the State of Washington.

8        4.      Plaintiff NORTHWEST SHEET METAL WORKERS SUPPLEMENTAL

9  PENSION TRUST (hereafter "Supplemental Pension Trust") is a labor-management pension

10  trust fund created pursuant to the provisions of Section 302(c) of the Act, 29 U.S.C. § 186(c),

11  and authorized to sue in its own name by Section 502(d)(1) of ERISA, 29 U.S.C. § 1132(d)(1).

12  Plaintiff Pension Fund is administered in the State of Washington.

13        5.      Defendant REFRIGERATION & FOOD EQUIPMENT, INC. ("RFE INC.") is

14  a sheet metal contractor and is a party to a collective bargaining agreement with Sheet Metal

15  Workers Local 23.  That industry affects commerce within the meaning of the Act.  RFE Inc.

16  has employed or does employ persons represented by Local 23.  RFE Inc.'s principal place of

17  business is 1901 W. Tudor Rd., Anchorage, AK 99517.

18  **CLAIM FOR RELIEF**

19        6.      Plaintiffs incorporate by reference as though set forth fully herein paragraphs 1

20  through 5 above.

21        7.      The collective bargaining agreement between Defendant and Local 23 was in effect

22  at all times material hereto.  By that agreement Defendant RFE, Inc. became obligated to make

23  monthly contributions to plaintiffs Welfare, Pension, and Supplemental Pension, as well as other

24  funds, on behalf of employees represented by Local 23.

25        8.      Defendant has also agreed to and has received money from its Local 23 employees,

26  as part of the employees' after-tax wages, which Defendant is and was obligated on a monthly

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF –
NO.     - Page 2

basis to deposit into each employee's account, or submit to Local 23 as part of each employee's dues obligation.  Defendant holds such money in trust.

9.     Payments due to the various plaintiff and non-plaintiff Trusts, and the amounts of employees' after-tax wages held in trust by Defendant, are calculated pursuant to a contribution reporting form required to be prepared monthly by Defendant.

10.    The completed contribution reporting form and accompanying payment are due at the Welfare office and address within fifteen (15) days after the end of each calendar month.

11.     For the periods of October and November 2017, Defendant failed to timely make payments due to plaintiffs despite its obligation under the trust agreements to which it is bound to do so and despite demand by plaintiffs. In accordance with those trust agreements, Defendant was assessesed late fees for both October and November 2017, which it has improperly refused to pay.

12.    Unless ordered by this Court, Defendant will continue to refuse to pay to the Plaintiffs the late fees due them.  As a result, Plaintiffs will be irreparably damaged.

13.    In addition to the unpaid contributions, Plaintiffs are entitled to the following pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), and Section 301 of the Act, 29 U.S.C. § 185, as amended:

(a)    Interest on the unpaid late fees;

(b)    An amount equal to the greater of:

(i)     interest on the unpaid late fees (hereinafter "penalty"), or

(ii)    liquidated damages in an amount equal to 20% of the amount awarded as unpaid or delinquent contributions, as provided for in the Trust Agreement (hereinafter "liquidated damages"); and

(c)    Reasonable attorneys' fees and the costs of this action.

A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by ERISA, 29 U.S.C. § 1132(h).

MCKANNA BISHOP JOFFE, LLP
ATTORNEYS AT LAW

1635 NW Johnson Street
Portland, Oregon 97209
503-221-6111 / FAX: 503-221-6121

WHEREFORE, plaintiffs demand judgment against the Defendant:

1.     Obligating Defendant to pay to plaintiffs the full amount of late fees owing to it for the periods of October and November 2017, with the proper amount of interest and with a penalty or liquidated damages as established by Section 502(g) of ERISA, 29 U.S.C. § 1132(g), the Trust Agreements, and the collective bargaining agreement;

2.     Restraining and enjoining Defendant, its officers, agents, servants, attorneys, and all persons acting on its behalf or in conjunction with it from:  (a) refusing to pay late fees to plaintiffs for the periods of October and November 2017 to current, and refusing to timely make payments for all periods thereafter for which Defendant is obligated to file such reports under the terms of the collective bargaining agreement, and (b) refusing to pay to plaintiffs all late fees, including interest, penalties, and liquidated damages, due for the periods October and November 2017 to current, and for all periods thereafter for which Defendant is obligated to make timely payments under the terms of the collective bargaining agreement;

3.     Requiring Defendant to pay to plaintiffs reasonable attorneys' fees and the costs of this action as set forth in Section 502(g) of ERISA 29 U.S.C. § 1132(g); and

4.     Granting plaintiffs such further and other relief as may be just and proper.

DATED this __5th__ day of February, 2018.

MCKANNA BISHOP JOFFE, LLP


s/ Daniel Hutzenbiler
Daniel R. Hutzenbiler
WSBA No. 36938
Telephone: 503-821-0955
Email: dhutzenbiler@mbjlaw.com
Of Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF – NO.        - Page 4